UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUNG H. MO,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**JPMORGAN CHASE BANK, N.A., U.S.BANKCORP, TIAA BANK, and WELLS FARGO BANK,**<br><br>　　**Defendants.** | Civ. No. 20-14387 (KM) (ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

　　Sung Mo has a mortgage owned by JPMorgan Chase Bank, assigned to U.S. Bank, serviced by TIAA Bank, and "invested in" by Wells Fargo Bank (collectively, "Defendants"). After allegedly misleading Mo about his necessary payments, Defendants brought a foreclosure action in New Jersey court. In this Court, Mo sues Defendants, asserting contract and consumer-protection claims arising from Defendants' actions that led to his default. Defendants move to dismiss, arguing that the *Rooker-Feldman* doctrine or preclusion doctrines bar the case, but that in any event, Mo fails to state a claim, *see* Fed. R. Civ. P. 12(b)(6). (DE 23, 27.)[1] For the following reasons, the motions to dismiss are **GRANTED**.

---

[1]　Certain citations to the record are abbreviated as follows:

　　DE = docket entry

　　Am. Compl. = Amended Complaint (DE 6)

　　Defs. Mot. = U.S. Bank, TIAA, and Wells Fargo's Brief in Support of their Motion to Dismiss (DE 24)

　　Opp. = Mo's Opposition to the Motions to Dismiss (DE 31-1)

## I. BACKGROUND

Mo bought real property with the aid of a mortgage from Bank of New York Mortgage Company, LLC ("BNY"). (Am. Compl. ¶¶ 20–21.) TIAA services the mortgage, and Wells Fargo "invest[ed]" in the mortgage. (*Id.* ¶¶ 5, 6.) BNY assigned the mortgage to Chase and eventually to U.S. Bank. (*Id.* ¶¶ 3, 4.) Mo executed a loan modification agreement with BNY. (*Id.* ¶ 23.) He noticed that his payments according to the plan were not being processed. (*Id.* ¶¶ 24–25.) When he reached out (to BNY, apparently, but the Amended Complaint is not clear), BNY told him to send a different payment amount pursuant to a different, temporary plan. (*Id.* ¶ 26.) He continued to make payments according to that plan, but they were processed late. (*Id.* ¶¶ 27–32.) Eventually, he was told that he had failed to correctly make payments on the temporary plan, and he was placed in default. (*Id.* ¶ 47.)

In March 2017, U.S. Bank commenced a foreclosure proceeding against Mo in New Jersey Superior Court. (*Id.*; *see also* DE 25-1.) Mo counterclaimed, alleging that BNY inflated the value of the appraisal, affecting the terms of Mo's loan, in violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2. (DE 25-4 at 5–6.) In February 2018, the court dismissed the counterclaim with prejudice. (DE 25-2 at 2–3.) In May 2018, the court granted summary judgment in favor of U.S. Bank and referred the case to the Office of Foreclosure. (*Id* at 4.) Motion practice nevertheless continued, and U.S. Bank, by its own account, cannot move for final judgment of foreclosure until motions are resolved. (*See* Cert. in Resp. to Admin. Order, *Adjustable Rate Mortg. Tr. 2005-10 v. Mo*, No. F-005382-17 (N.J. Super. Ct. Ch. Div. Apr. 7, 2021).)

In October 2020, Mo filed this case. (DE 1.) In an Amended Complaint, he asserts claims for (1) violation of the NJCFA; (2) breach of contract; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), as implemented by 12 C.F.R. § 1024.41; (4) violation of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a)(1); and (5) breach of the covenant of good faith and fair dealing. (Am. Compl. ¶¶ 54–90.) Wells Fargo, U.S. Bank,

and TIAA move to dismiss. (Defs.' Mot.) Chase joins in their motion and moves to dismiss on the additional ground that it is improperly named. (DE 28.)

## II.   STANDARD OF REVIEW

### A. Rooker-Feldman/Jurisdiction

The *Rooker-Feldman* doctrine, explained further below, limits federal jurisdiction. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010). A *Rooker-Feldman* motion to dismiss is therefore properly asserted under Fed. R. Civ. P. 12(b)(1). *See Gage v. Warren Twp. Comm. & Planning Bd. Members*, 463 F. App'x 68, 71 (3d Cir. 2012) (per curiam).[2]

> The burden of establishing federal jurisdiction rests with the party asserting its existence. [citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).] "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." [citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).] A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.' " [citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).]

> "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).] By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." [citing *McCann v. Newman*

---

[2]   Although Defendants bring their motions under Rule 12(b)(6), I will disregard that minor defect, as I "consider[] motions based on their substance rather than their title." *Garrett v. Wexford Health*, 938 F.3d 69, 81 n.17 (3d Cir. 2019).

3

> *Irrevocable Tr.*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).]

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnotes omitted; case citations in footnotes inserted in text).

On a Rule 12(b)(1) jurisdictional dismissal motion based on *Rooker-Feldman*, I may consider documents filed in a state foreclosure action. *Martinez v. Bank of Am., N.A.*, 664 F. App'x 250, 253 n.4 (3d Cir. 2016) (per curiam); *Aliperio v. Bank of Am., N.A.*, Civ. No. 16-1008, 2016 WL 7229114, at *6 (D.N.J. Dec. 13, 2016), *aff'd*, 764 F. App'x 236 (3d Cir. 2019) (per curiam). Indeed, such documents may be considered for their existence, though not for the truth of the matters asserted therein, even on a facial, Rule 12(b)(6) standard. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).

### B. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc). Nonetheless, on a Rule 12(b)(6) motion based on preclusion, I may consider documents filed in a state foreclosure action. *Martinez*, 664 F. App'x at 254 n.7; *Aliperio*, 2016 WL 7229114, at *6.

### III. DISCUSSION

Defendants argue for dismissal because (A) *Rooker-Feldman* applies (I disagree), (B) preclusion applies (I disagree), and (C) the Amended Complaint fails to state a claim (I agree).

#### A. Rooker-Feldman

Under the *Rooker-Feldman* doctrine,[3] this Court does not sit to hear appeals from state-court judgments. *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019). The doctrine applies to bar "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Id.* (citation omitted).

As the elements suggest, *Rooker-Feldman* applies only when there was a prior state-court *judgment. Id.* What qualifies? There are "three situations": (1) "when the highest state court in which review is available has affirmed the judgment below," (2) "when the state action has reached a point where neither party seeks further action," and (3) when the "state proceeding has finally resolved all the federal questions in the litigation, even though state law or purely factual questions . . . remain." *Id.* at 459–60 (cleaned up). The foreclosure proceeding here does not fall into any of these scenarios.

On the first, the proceeding has not even reached an appellate court, let alone the New Jersey Supreme Court.

The second scenario applies (a) "when a lower state court issues a judgment *and* the losing party allows the time for appeal to expire" or (b) "when a state court issues an interlocutory order *and* "the parties then voluntarily terminate the litigation." *Id.* at 459 (quotation marks and citation omitted) (emphasis added). As to (a), the state court has not yet issued an appealable final judgment. In a New Jersey foreclosure action, neither an order dismissing

---

[3] The nomenclature has taken on a life of its own, but the original reference is to the seminal cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

counterclaims with prejudice nor an order granting summary judgment and referring the case Office of Foreclosure is final and appealable. *Aliperio*, 2016 WL 7229114, at *7–10; *see Martinez*, 664 F. App'x at 253 n.4. Rather, the final judgment of foreclosure is the final decision. *Aliperio*, 2016 WL 7229114, at *8. As to (b), although there is an interlocutory dismissal of the counterclaim, the parties have not ended the foreclosure litigation. Plainly then, the second scenario does not apply.

The third scenario might, in another case, present a closer question—but not here. In theory, when a state court dismisses federal-law counterclaims with prejudice, one could say that the court "finally resolved all the federal questions in the litigation." *Id.* at 459 (citation omitted). But that is not this case. In the foreclosure proceeding, one of Mo's outstanding motions moves to dismiss the foreclosure complaint on the grounds that U.S. Bank violated RESPA. (Mem. of Law in Supp. of Mot. to Dismiss at 5–6, *Adjustable Rate Mortg. Tr. 2005-10 v. Mo*, No. F-005382-17 (N.J. Super. Ct. Ch. Div. Jan. 31, 2021).) Thus, not all federal questions have been resolved, so the third scenario does not apply.

Accordingly, there has been no state-court judgment for *Rooker-Feldman* purposes, so that doctrine does not deprive me of jurisdiction.

## B. Preclusion

Preclusion doctrines prevent parties from relitigating issues or claims in subsequent suits. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "New Jersey law determines the preclusive effect of a judgment issued by a New Jersey court." *Martinez*, 664 F. App'x at 253 n.5 (citing *Paramount Aviation Corp. v. Gruppo Agusta*, 178 F.3d 132, 135 (3d Cir. 1999)). Defendants specifically invoke issue preclusion (Defs. Mot. at 7), which "prohibits a party from relitigating matters or facts which the party actually litigated and which were determined in a prior action." *Matter of Adoption of Amendments to N.J.A.C. 11:22-11*, 207 A.3d 772, 776 (N.J. Super. Ct. App. Div.), *certif. denied*, 239 N.J. 406 (N.J. 2019). But, as in the case of *Rooker-Feldman*, issue preclusion requires that "the court in the

6

prior proceeding issued a final judgment." *Id.* (citation omitted). There was no such final judgment here. *Aliperio,* 2016 WL 7229114, at *11–12. Nor would any other preclusion doctrines help Defendants, because they, too, require a final judgment. *Id.* Accordingly, this suit is not precluded.

### C. Failure to State a Claim

#### 1. New Jersey Consumer Fraud Act

The NJCFA is a consumer-protection statute prohibiting enumerated unlawful practices "in connection with the sale or advertisement of any merchandise or real estate." *D'Agostino v. Maldonado*, 78 A.3d 527, 537 (N.J. 2013). "To state a claim under the NJCFA, a plaintiff must allege that the defendant engaged in an unlawful practice that caused an ascertainable loss to the plaintiff." *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (citation omitted). A plaintiff must plead that he or she "has suffered a definite, certain and measurable loss, rather than one that is merely theoretical." *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564, 572 (D.N.J. 2010) (cleaned up).

Mo "make[s] no attempt to explain what [his] ascertainable loss is," so his NJCFA claim fails. *Matrix Distribs. v. Nat'l Ass'n of Bds. of Pharm.*, Civ. No. 18-17462, 2020 WL 7090688, at *18 (D.N.J. Dec. 4, 2020). In fact, it is unclear what he seeks to recover, and the seeming theory of his case (Defendants' misrepresentations caused him to default) stands far afield of the typical NJCFA case claiming that a consumer received a product of lesser value than was promised. *Id.* If that were not enough, he does even identify which Defendant allegedly misled him.[4]

---

[4]  I note here that Mo's opposition brief is essentially copied from his motion to dismiss filed in the foreclosure action. *Compare* Opp., *with* Mem. of Law in Supp. of Mot. to Dismiss, *Adjustable Rate Mortg. Tr. 2005-10 v. Mo*, No. F-005382-17 (N.J. Super. Ct. Ch. Div. Jan. 31, 2021). As such, it fails to respond to many of Defendants' arguments and introduces facts outside the pleadings. Thus, many counterarguments or defenses for his claims are forfeited. Moreover, the Third Circuit recently admonished a lawyer for repackaging a motion filed in the district court as his appellate brief. *Conboy v. U.S. Small. Bus. Admin.*, --- F.3d ---, ---, No. 20-1726, 2021

For these reasons, Count 1 will be dismissed.

### 2. Breach of Contract

Mo alleges that "Defendants breached the loan modification agreement." (Am. Compl. ¶ 63.) A New Jersey breach of contract claims requires "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Mid-Atl. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 226 (3d Cir. 2020) (citation omitted). "A plaintiff must identify the specific contract or provision that was allegedly breached." *Barker v. Our Lady of Mt. Carmel Sch.*, Civ. No. 12-4308, 2016 WL 4571388, at *15 (D.N.J. Sept. 1, 2016).

Mo has not pointed to any part of the loan modification agreement as the source of his breach. While he belatedly attaches it to his opposition (Opp., Ex. A), it is not the Court's responsibility to scour the fine print and suggest theories for how it could have been breached. Pleading standards, even as to *pro se* plaintiffs, require more. Moreover, Mo impermissibly alleges his claim against all Defendants without alleging how they all can be liable. *See Integrated Micro-Chip Elecs. Mex. v. Lantek Corp.*, Civ. No. 18-14112, 2019 WL 4668036, at *2 (D.N.J. Sept. 24, 2019) (Rule 8 requires more than "group pleading" for a breach of contract claim (citation omitted)). It is not too much to ask even a *pro se* plaintiff, particularly after substantial litigation of similar matters in state court, to point to the obligations that he says were breached.

For these reasons, Count 2 will be dismissed.

### 3. RESPA

RESPA is "a consumer protection statute that regulates the real estate settlement process." *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 124 (3d

---

WL 1081089, at *2–3 (3d Cir. Mar. 19, 2021). Of course, Mo proceeds *pro se*, so an attorney's duties to the court are not at play. But even *pro se* parties have duties to the court, and "copy-and-paste jobs" may violate those duties. *See id.* at *3. Nonetheless, as Defendants' arguments for dismissal are persuasive, there is no need to dismiss on such procedural grounds.

8

Cir. 2010). Mo specifically alleges a violation of 12 C.F.R. § 1024.41(b)–(d), a regulation implementing RESPA that requires services to promptly review "loss mitigation applications," and to provide notice and an explanation of denials before a foreclosure. Mo alleges that "submitted over six (6) complete loss mitigation applications and all of them were denied without specific reason or reasons." (Am. Compl. ¶ 73.)

But a plaintiff must plead that a RESPA violation caused actual damages. *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016). All Mo pleads is a bare violation (if that). As to any specific injury caused to him, he simply pleads that he "has been damaged." (Am. Compl. ¶ 74.) He has not "specifically identified the problem" created by the violation or "specifically identified the harm" created thereby. *Giordano*, 160 F. Supp. 3d at 783. Accordingly, a RESPA claim is not plausibly alleged.

For these reasons, Count 3 will be dismissed.

### 4. FTCA

Mo alleges an FTCA claim, but there is no private right of action to enforce the FTCA. *E.g.*, *Kim v. Genesis Co.*, Civ. No. 15-8556, 2017 WL 4861669, at *4 (D.N.J. Oct. 26, 2017). For that reason, Count 4 will be dismissed.

### 5. Breach of the Covenant of Good Faith and Fair Dealing

"Every contract contains an implied covenant of good faith and fair dealing." *Wade v. Kessler Inst.*, 798 A.2d 1251, 1259 (N.J. 2002). "A party to a contract breaches the covenant if it acts in bad faith or engages in some other form of inequitable conduct in the performance of a contractual obligation." *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 288 (3d Cir. 2000). Mo alleges in a conclusory fashion that "Defendants acted with bad motives or intentions to cause Plaintiff into a default." (Am. Compl. ¶ 86.) But bare allegations that defendant acted in bad faith allegations are insufficient, even for *pro se* plaintiffs. *Mehnert v. U.S. Bank Nat'l Ass'n*, Civ. No. 17-4985, 2018 WL 1942523, at *8 (D.N.J. Apr. 23, 2018). That any of the defendants

9

acted to cause Mo to default is an "unwarranted inference[]" which I need not accept. *Id.* (citation omitted).

For those reasons, Count 5 will be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the motions to dismiss are granted. Because this is an initial dismissal based on inadequacy of pleading, it is entered without prejudice to the filing, within 60 days, of a proposed amended complaint that remedies the deficiencies described above. A separate order will issue.

Dated: April 26, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**